**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-6626**

———————

CALVIN PERRY,

              Petitioner - Appellant,

        v.

HAROLD CLARKE, Director of Department of Corrections,

              Respondent - Appellee.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  James R. Spencer, Senior District Judge.  (3:14-cv-00523-JRS-RCY)

———————

Submitted:  August 10, 2015          Decided:  September 2, 2015

———————

Before NIEMEYER, SHEDD, and THACKER, Circuit Judges.

———————

Dismissed by unpublished per curiam opinion.

———————

Calvin Perry, Appellant Pro Se.  Michael Thomas Judge, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Calvin Perry seeks to appeal the district court's order accepting the recommendation of the magistrate judge and dismissing his successive 28 U.S.C. § 2254 (2012) petition. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. See 28 U.S.C. § 2253(c)(1)(A) (2012); Jones v. Braxton, 392 F.3d 683, 688 (4th Cir. 2004). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012).

When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85.

We have independently reviewed the record and conclude that Perry has not made the requisite showing. Accordingly, we deny his motion for a certificate of appealability, deny leave to proceed in forma pauperis, and dismiss the appeal.

Additionally, we construe Perry's notice of appeal, motion for a certificate of appealability, and informal brief as an application to file a second or successive § 2254 petition. United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2254 petition, a prisoner must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence, not previously discoverable by due diligence, that would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the petitioner guilty of the offense. 28 U.S.C. § 2244(b)(2) (2012). Perry's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2254 petition.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED

3